**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN W. REYLE, JR.,

    Plaintiff,

vs.

Case No. 3:18-cv-522-J-34JRK

CLAY COUNTY JAIL,

    Defendant.
_____

# O R D E R

Plaintiff John W. Reyle, Jr., a pretrial detainee at the Clay County Jail (CCJ) in Green Cove Springs, initiated this action on April 19, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Reyle has moved to proceed in forma pauperis (Doc. 2). In his Complaint, Reyle names one Defendant: the CCJ. He asserts violations of the Fourth and Ninth Amendments as a result of a slip and fall accident that occurred on March 4, 2018. Complaint at 5. While in the bathroom in G2 dorm, Reyle slipped in water that was leaking from a broken toilet; he claims he failed to see the leak because the lights had been malfunctioning.[1] Id. at 4-5. Reyle seeks damages for his pain and suffering associated with an injured neck and staph infection. Id. at 5.

Pursuant to this Court's screening obligation under the Prison Litigation Reform Act (PLRA), a district court shall dismiss a complaint if the court determines that the action

---

[1] Reyle asserts the lights had been malfunctioning for three days because the CCJ was not "up to code." Complaint at 4.

is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)). In assessing whether a complaint "fails to state a claim on which relief may be granted" under § 1915A(b)(1), courts apply the same standard applied when ruling on motions to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Reyle's Complaint is subject to dismissal under the Court's screening obligation because he fails to state a claim upon which relief may be granted. First, the CCJ is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL

2

7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014).

Not only has Reyle named as a Defendant an entity not amenable to suit, he has substantively failed to state a claim under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action under § 1983. While Reyle asserts generally that the CCJ has violated the Fourth and Ninth Amendments, his factual allegations, read liberally and accepted as true, do not support an inference that the CCJ has in fact violated any constitutional or federal rights sufficient to maintain an action under § 1983. Rather, Reyle's allegations amount to no more than an assertion of general negligence for failing to maintain the premises in a reasonably safe condition. See Complaint at 5. Allegations of mere negligence do not rise to the level of a constitutional violation under § 1983. See Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner.") (internal quotation marks omitted; alteration in original); see also Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding a prisoner failed to state a claim under § 1983 where he alleged he slipped on a pillow a guard negligently left on a stairway).

Finally, Plaintiff has failed to exhaust his administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and not left to the discretion of the district courts. Woodford v. Ngo, 548 U.S. 81, 84 (2006). While failure to exhaust is an affirmative defense, a district court may sua sponte dismiss a complaint where it is "clear from the face of the complaint" that the affirmative defense bars the claim. Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (citing Jones v. Bock, 549 U.S. 199, 211 (2007)) (affirming the district court's sua sponte dismissal of a complaint for failure to state a claim where it was clear the plaintiff had not exhausted administrative remedies). Reyle's failure to exhaust is clear from the face of his Complaint. Specifically, he admits that he did not file a grievance relating to the incident giving rise to this action even though, as he recognizes, the CCJ has a grievance procedure. See Complaint at 6-7. While Reyle asserts that the grievance procedure available at the jail would not "cover some or all of [his] claims," see id. at 6, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)).

When a court determines that a complaint is subject to dismissal pursuant to its screening obligation under § 1915A(b)(1), it generally should grant a pro se plaintiff leave to amend "unless a more carefully drafted complaint could not state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo

Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Nevertheless, where an amendment would be futile, a district court may properly dismiss a pro se plaintiff's complaint without an opportunity to amend. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). In light of Reyle's failure to exhaust administrative remedies and failure to set forth a claim cognizable under § 1983, any opportunity for Reyle to amend his Complaint would be futile.

In light of the foregoing, Reyle's Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-6
c: John W. Reyle, Jr.